[No. 10,274.]

## THE PEOPLE *v.* A. B. STEVENS.

INSPECTION OF PAPERS OFFERED IN EVIDENCE. — If a witness is called to identify papers in order to lay the foundation for introducing them in evidence, the opposing counsel is entitled to an inspection of the papers before the close of the testimony, in order to enable him to offer testimony in explanation of the papers, or to disprove their authenticity.

APPEAL from the County Court, County of San Joaquin.

The defendant was indicted for entering a house in the night-time with the intent to commit larceny. The indictment also charged that he had been previously convicted of a felony. He was convicted, and appealed. The other facts are stated in the opinion.

*J. H. Budd,* for the Appellant, cited sec. 2054 of the Code of Civil Procedure.

*Jo Hamilton,* Attorney-General, for the People.

By the COURT:

At the trial, the prosecution produced certain papers which were found in the street, the contents of which it was claimed tended to inculpate the defendant, and called a witness to identify the papers and to prove the circumstances under which they were found. The papers were handed to the witness, who identified them as the same which were found in the street; but they were not then read to the Jury, or offered in evidence. When the counsel for the defendant came to cross-examine the witness, he demanded an inspection of the papers, alleging that he could not properly conduct the cross-examination unless he had an opportunity to inspect them. But the Court refused to compel the prosecution to produce the papers for inspection, and thereupon the counsel for the defendant declined to cross-examine the witness. Subsequently, experts were called by the prosecution to prove by a comparison of handwritings that the papers were written by the defendant, and their evidence tended to prove that fact. It appears from the bill of exceptions that the papers " were not read to the Jury, nor was defendant's attorney allowed an inspection of them until the District Attorney opened his argument to the Jury after the case had closed." The refusal of the Court to compel the prosecution to produce the papers for the inspection of counsel was duly excepted to, and this ruling is relied upon as error. It is too plain to merit discussion, that, under the circumstances stated, the defendant was entitled to inspect the papers—if not for the purpose of cross-examining the witness, certainly before the close of the testimony. By the practice pursued by the Court, the defendant was deprived of the opportunity to offer any evidence he may have had in rebuttal or explanation of the papers, or even to disprove their authenticity. Such a practice is subversive of the ends of justice, and ought not to be tolerated.

Judgment reversed, and cause remanded for a new trial.